IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK R.,[1]                                3:19-cv-01526-BR

          Plaintiff,                          OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

KEVIN KERR
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN TA LU**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

       Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Patrick R. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed applications for DIB and Supplemental Security Income (SSI) on January 22, 2016, alleging a disability onset date of November 1, 2010.  Tr. 243, 247.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 21, 2017.  Tr. 33-55.

---

[1] Citations to the official transcript of record filed by the Commissioner on April 3, 2020, are referred to as "Tr."

At the hearing Plaintiff amended his alleged onset date to September 15, 2014.  Tr. 37.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on April 6, 2018, in which he found Plaintiff was not disabled from September 15, 2014, Plaintiff's amended onset date, to his September 30, 2015, date last insured and, therefore, is not entitled to DIB benefits. Tr. 26.  The ALJ, however, also found Plaintiff was disabled after January 25, 2016, and, therefore, Plaintiff is entitled to SSI benefits beginning on that date.  Tr. 26.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on July 18, 2019, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Plaintiff challenges only the ALJ's decision denying his application for DIB for the relevant period of September 15, 2014, through September 30, 2015.

## **BACKGROUND**

Plaintiff was born on October 4, 1957, and was 60 years old at the time of the hearing.  Tr. 243.  Plaintiff graduated from high school.  Tr. 287.  Plaintiff has past relevant work experience as a community worker, shift manager, and vending

3 - OPINION AND ORDER

manager.  Tr. 26.

Plaintiff alleges disability during the relevant period due to a stroke in 2010, left-side neuropathy, diabetes, high blood pressure, sleep apnea, depression, and "memory recall issues." Tr. 98.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 22-24.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must

assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).

     At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

     If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in
substantial gainful activity after his September 15, 2014,
amended alleged onset date.  Tr. 19.

At Step Two the ALJ found Plaintiff had the severe
impairments of cerebral vascular accident (CVA) and obesity
during the relevant period (September 15, 2014, through
September 30, 2015).  Tr. 20.  The ALJ found Plaintiff's
impairments of sleep apnea, hypertension, depression, and anxiety
were not severe during the relevant period.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments during the relevant period did not meet
or medically equal one of the listed impairments in 20 C.F.R.
part 404, subpart P, appendix 1.  Tr. 21.  The ALJ found
Plaintiff had the RFC to perform light work during the relevant
period with the following limitations:

> [Plaintiff] could lift and carry 20 pounds
> occasionally and 10 pounds frequently, sit for six
> hours in an eight-hour workday, and stand and walk
> for six hours in an eight-hour workday.
> [Plaintiff] could occasionally bend, squat, and
> kneel, but could not perform overhead work.  Due
> to [Plaintiff's] obesity, [Plaintiff] was
> restricted from work involving ladders, scaffolds,

unprotected heights, and moving machinery.

Tr. 21.

At Step Four the ALJ found Plaintiff could perform his past relevant work as a community worker and shift manager during the relevant period, and, therefore, Plaintiff was not disabled from his September 15, 2014, amended alleged onset date, through his September 30, 2015, date last insured.  Tr. 26.


## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) "gave *res judicata* effect" to some findings of ALJ William Musseman in a May 13, 2013, decision as to an earlier DIB application by Plaintiff; (2) failed to find at Step Two that Plaintiff's "back problems," sleep apnea, neuropathy, central pain syndrome, diabetes, depression, and memory deficits were severe during the relevant period; (3) found at Step Three that Plaintiff's impairments did not meet any Listing during the relevant period; (4) partially rejected Plaintiff's testimony; and (5) found at Step Four that Plaintiff could perform some of his past work during the relevant period.

**I.   The ALJ did not err when he gave *res judicata* effect to some of ALJ Musseman's findings.**

On November 22, 2011, Plaintiff filed an application for DIB alleging an onset date of November 1, 2010.  Tr. 78.  On May 13, 2013, ALJ Musseman issued a decision in which he found Plaintiff

9 - OPINION AND ORDER

was not disabled.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner as to Plaintiff's November 22, 2011, application for DIB when the Appeals Council denied Plaintiff's request for review.

In the April 6, 2018, decision at issue here ALJ John Michaelson gave *res judicata* effect to some of ALJ Musseman's findings pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).  As noted, Plaintiff alleges ALJ Michaelson erred when he did so.

In *Chavez* the Ninth Circuit held "[t]he principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."  844 F.2d at 691 (citation omitted).  An earlier final decision that a claimant is not disabled creates a presumption in Social Security cases that the claimant continues to be able to work after the decision.  *Id.*  When adjudicating a subsequent claim, the ALJ must apply the presumption of continuing nondisability and determine the claimant is not disabled unless the claimant rebuts the existing presumption as to the already-adjudicated period.  A claimant may rebut the presumption by showing a "changed circumstance" that affects the issue of disability such as an increase in the severity of the claimant's impairments, the existence of an impairment not considered in the previous application, or a change in the

10 - OPINION AND ORDER

claimant's age category.  Acquiescence Ruling (AR), 97-49(9)
(Dec. 3, 1997), 1997 WL 742758, at *3.  "Adjudicators must adopt
such . . . finding[s] from the final decision on the prior claim
in determining whether the claimant is disabled with respect to
the unadjudicated period unless there is new and material
evidence relating to such a finding or there has been a change in
the law, regulations or rulings affecting the finding or the
method for arriving at the finding."  *Id.*

Here the ALJ gave *res judicata* effect to ALJ Musseman's
findings at Steps Two and Three; gave partial *res judicata*
effect to ALJ Musseman's findings at Step Four; and concluded
there was neither any new, material evidence nor any change in
the law, regulations, or rulings that affected those particular
findings by ALJ Musseman for the relevant period.  Plaintiff,
however, asserts he provided new and material evidence that
showed a change in Plaintiff's circumstances and that such
evidence contradicted ALJ Musseman's decision.

At Step Two ALJ Musseman found Plaintiff had the severe
impairments of CVA and obesity, but he also found Plaintiff's
neuropathy, affective disorder, and lumbar spine disorder were
nonsevere.  Tr. 80.  At Step Three ALJ Musseman found Plaintiff
did not have an impairment or combination of impairments that met
or medically equaled one of the Listings.  ALJ Musseman concluded
Plaintiff had the RFC to perform light work with the following

limitations:

> [Plaintiff] can lift and carry 20 pounds
> occasionally and 10 pounds frequently, sit for six
> hours in an eight-hour workday and stand and walk
> for six hours in an eight-hour workday.  The
> claimant can occasionally bend, squat, and kneel,
> but cannot work overhead work.  Due to the
> claimant's obesity, the claimant is restricted
> from work involving ladders, scaffolds,
> unprotected heights, and moving machinery.

Tr. 81.  At Step Four ALJ Musseman found Plaintiff was capable of
performing his past relevant work as a community worker, shift
manager, and vending manager.

ALJ Michaelson, in turn, found at Step Two that during the
relevant period Plaintiff had the severe impairments of CVA and
obesity.  ALJ Michaelson noted Plaintiff had a newly-alleged
severe impairment of sleep apnea, but he found the record did not
reflect that condition caused more than minimal limitations in
Plaintiff's ability to perform "basic work activities[, and,]
therefore, the new evidence . . . does not establish [sleep
apnea] to be a severe medically determinable impairment, and the
new evidence concerning [sleep apnea] is not material."  Tr. 20.
Although Plaintiff disagrees with Judge Michaelson's conclusion,
he does not point to any evidence in the record that establishes
his sleep apnea caused more than minimal limitations in his
ability to perform basic work activities during the relevant
period.

ALJ Michaelson also gave *res judicata* effect to

ALJ Musseman's Step Three findings as to whether Plaintiff's
impairments met or equaled a Listing during the relevant period
and as to Plaintiff's RFC during the relevant period.
ALJ Michaelson noted Plaintiff did not produce any new, material
evidence that his impairments met or equaled a Listing or that he
was incapable of performing the RFC assessed by ALJ Musseman
during the relevant period.  Although Plaintiff asserts ALJ
Michaelson failed to consider Listings 1.04A, 11.02, 11.04,
11.14, 11.18, and 12.04 in his Step Three evaluation, Plaintiff
fails to offer any analysis as to how his impairments satisfied
the criteria for any or all of those Listings during the relevant
period.

    ALJ Michaelson also gave *res judicata* effect to ALJ
Musseman's Step Four finding as to Plaintiff's ability to perform
his past work as community worker and shift manager during the
relevant period.  ALJ Michaelson, however, found Plaintiff's
testimony at the December 21, 2017, hearing established the job
of vending manager was part of a composite job[2] that Plaintiff
performed at a medium-exertion level.  Accordingly, ALJ
Michaelson did not give *res judicata* effect to that portion
of ALJ Musseman's finding that Plaintiff was able to perform

---

    [2] A composite job is one that "has significant elements of
two or more occupations and therefore has no counterpart in the
DOT."  *Albritten v. Berryhill*, No. CV 17-0925-JPR, 2018 WL
3032860, at *4 (C.D. Cal. June 14, 2018).

his past relevant work as a vending manager, but instead
ALJ Michaelson relied on the testimony of the VE that an
individual with Plaintiff's limitations could perform the jobs of
community worker and shift manager during the relevant period.

On this record the Court concludes the ALJ did not err when
he found Plaintiff failed to show a change in circumstances
sufficient to rebut the presumption of continuing nondisability
during the relevant period.  Accordingly, the Court concludes
ALJ Michaelson did not err in his application of *res judicata* to
portions of ALJ Musseman's decision.

## II.  The ALJ did not err at Step Two.

Plaintiff asserts the ALJ erred at Step Two when he failed
to find Plaintiff's back problems, sleep apnea, neuropathy,
central pain syndrome, diabetes, depression, and memory deficits
were severe during the relevant period.

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout v. Comm'r Soc.
Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20
C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*,
648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment
"significantly limits" a claimant's "physical or mental ability
to do basic work activities."  20 C.F.R. §§ 416.921(a), (b).
Such abilities and aptitudes include walking, standing, sitting,

lifting, pushing, pulling, reaching, carrying, handling, seeing,

hearing, and speaking; understanding, carrying out, and

remembering simple instructions; using judgment; responding

appropriately to supervisors, co-workers, and usual work

situations; and dealing with changes in routine work settings.

*Id.*

    The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if
> it is a slight abnormality which has such a minimal
> effect on the individual that it would not be expected
> to interfere with the individual's ability to work
> . . . . [T]he severity regulation is to do no more
> than allow the Secretary to deny benefits summarily to
> those applicants with impairments of a minimal nature
> which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The "step-two inquiry " is 'a *de minimis* screening device to

dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d

1152, 1158 (9th Cir. 2001)(quoting *Smolen v. Chater*, 80 F.3d

1273, 1290 (9th Cir. 1996)).  The Ninth Circuit, however, has

held when the ALJ has resolved Step Two in a claimant's favor,

any error in designating specific impairments as severe does not

prejudice a claimant at Step Two if the ALJ considered the

impairments when formulating his assessment of Plaintiff's RFC.

*Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in

omitting an impairment from the severe impairments identified at

Step Two was harmless when Step Two was resolved in claimant's

favor).  *See also Buck v. Berryhill*, No. 14-35976, 2017 WL

15 - OPINION AND ORDER

3862450, at *5 (9th Cir. 2017)("[S]tep two was decided in [the plaintiff's] favor after both hearings.  He could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a remand.")(citation omitted).

As noted, ALJ Michaelson resolved Step Two in Plaintiff's favor.  In addition, the ALJ considered Plaintiff's sleep apnea, neuropathy, central pain syndrome, diabetes, depression, and memory issues and found the record did not indicate they were severe during the relevant period.

The Court, therefore, concludes on this record that the ALJ did not err when he failed to find at Step Two that Plaintiff's sleep apnea, neuropathy, central pain syndrome, diabetes, depression, and memory issues were severe impairments during the relevant period.

## III. The ALJ did not err when he found at Step Three that Plaintiff's impairments did not meet any Listing during the relevant period.

Plaintiff asserts the ALJ erred when he found at Step Three that Plaintiff's impairments did not meet any Listing during the relevant period.  Specifically, as noted, Plaintiff asserts the ALJ failed to consider Listings 1.04A, 11.02, 11.04, 11.14, 11.18, and 12.04 in his Step Three analysis.  Plaintiff, however, does not offer any evidence or analysis that his impairments satisfied the criteria for any or all of these Listings during the relevant period.  *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th

Cir. 2001)(Lewis has offered no theory . . . as to how his seizure disorder and mental retardation combined to equal a listed impairment.  Nor has he pointed to evidence that shows that his combined impairments equal a listed impairment. . . . The ALJ did not err in concluding that Lewis's conditions did not equal a listed impairment.").

Accordingly, the Court concludes ALJ Michaelson did not err when he found Plaintiff's impairments did not meet or equal a Listing during the relevant period.

**IV.   The ALJ did not err when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he partially rejected Plaintiff's testimony.

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.

"First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014

17 - OPINION AND ORDER

(quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)(same). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified at the hearing that he was unable to work during the relevant period because he was "having a lot of pain in [his] . . . left side, left arm mainly, arm and hand where it cause[d] [him] problems with even picking up a pencil. [He also] [could not] type very well anymore." Tr. 40. Plaintiff stated he tried methadone "and that wasn't doing any good, and then [he] tried morphine," which did not reduce his pain and gave him constipation. Tr. 41. Plaintiff testified he reads books, but he does not "sit there for hours reading a book"

because "it's not [his] favorite pastime."  Tr. 43.  Plaintiff
stated he does "some chatting online" although that "requires
[him] to type, and that's quite painful to type even with the
fact that I don't use my left hand that much for typing; it's
still pretty painful."  Tr. 43-44.  Plaintiff noted he has
problems paying attention that "have gotten worse."  Tr. 44.

    The ALJ found "for the DIB adjudicative period [Plaintiff's]
statements concerning the intensity, persistence and limiting
effects of [his] symptoms are not fully supported."  Tr. 21.
Specifically, the ALJ noted the medical record reflects Plaintiff
reported his left-side pain was adequately controlled with
medication during the relevant period.  *See, e.g.,* Tr. 141, 143,
580.  The ALJ also noted neurologic examinations of Plaintiff
during the relevant period reflect Plaintiff had normal gait,
muscle tone, and strength.  *See, e.g.,* Tr. 469, 504, 522, 561.

    In addition, in November 2014 Plaintiff reported he "chat[s]
on the computer all day.  All sorts of people basically I'm
looking for a companion.  Match.com and other sites.  I have all
sorts of sites."  Tr. 500.  Similarly, in April 2015 Plaintiff
reported he had "been talking to this girl online. . . .  It's
been about a year they've been online dating. . . .  Also he has
another lady friend he's been talking to."  Tr. 469.  In April
2015 Plaintiff reported he had "gotten back into building plastic
models [and] started working on some puzzles."  Tr. 469.

The record also reflects Plaintiff had "mild sleep apnea" in March 2015.  In November 2015, however, Plaintiff reported he had "worn [a] CPAP unsuccessfully in the past.  [Plaintiff] state[d] he [was] not sure why he [was] back [at the sleep clinic] as he does not want to wear [a] CPAP."  Tr. 592.  After his evaluation Plaintiff continued to decline to wear a CPAP.

The Court concludes on this record that the ALJ did not err when he partially rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms during the relevant period because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**V.    The ALJ did not err when he found at Step Four that Plaintiff could perform some of his past relevant work during the relevant period.**

Plaintiff asserts the ALJ erred when he found at Step Four that Plaintiff could perform some of his past relevant work during the relevant period.

As noted, the ALJ "gave effect to ALJ Musseman's findings at step four" and, therefore, found Plaintiff could perform his past work as a community worker and shift manager during the relevant period.  The ALJ, however, also found "new and material evidence . . . show[ed] that the vending manager job was part of a composite job that [Plaintiff] performed in the medium exertion range."  Tr. 26.  The ALJ, therefore, did not "give effect" to

20 - OPINION AND ORDER

ALJ Musseman's finding that Plaintiff could perform the vending
manager job during the relevant period.

Plaintiff asserts ALJ Michaelson erred when he gave effect
to Judge Musseman's findings regarding Plaintiff's ability to
perform his past relevant work as a community worker and shift
manager during the relevant period because there was a material
change in the law between ALJ Musseman's decision and ALJ
Michaelson's decision.  Specifically, the SSA promulgated new
guidance in the Program Operations Manual (POMS) regarding how to
determine a claimant's capacity to perform his past relevant
work.  According to Plaintiff, this change in POMS constitutes a
change in "law, regulations, [or] rulings," and, therefore,
Plaintiff showed a "changed circumstance" that affects the issue
of his disability and rebuts the presumption of continuing
nondisability during the relevant period.  AR 97-49(9), 1997 WL
742758, at *3.  Even if new guidance in POMS actually constitutes
a change in "law, regulations, [or] rulings," however, the
provision at issue did not become effective until April 13, 2017.
As noted, ALJ Michaelson found Plaintiff became disabled as of
January 25, 2016, and, therefore, the change in POMS would not
have affected the outcome of the ALJ's decision regarding
Plaintiff's DIB benefits.

The Court, therefore, concludes on this record that
Plaintiff did not show a "changed circumstance" that affected the

21 - OPINION AND ORDER

issue of his disability.  Accordingly, the Court concludes the ALJ did not err at Step Four when he found Plaintiff could perform his past relevant work as community worker or shift manager during the relevant period.

### **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 26th day of October, 2020.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge